CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:10CR00077 |
| | ) | Civil Action No. 7:19CV81387 |
| v. | ) | |
| | ) | **ORDER** |
| DEJUAN LEMONS, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

On December 10, 2010, the defendant, Dejuan Lemons, waived indictment and pled guilty to a two-count felony information. Count One charged the defendants with conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d). Count Two charged the defendant with use of a firearm in furtherance of a crime of violence—namely, the conspiracy offense charged in Count One—in violation of 18 U.S.C. § 924(c). The defendant was subsequently sentenced to a total term of imprisonment of 168 months. The sentence consisted of 88 months on Count One and 80 months on Count Two, to run consecutively.

On August 9, 2019, the defendant filed an emergency motion to vacate his § 924(c) conviction based on the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019), in which the Court declared the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. In response, the government concedes that the conspiracy offense with which the defendant was charged is not a crime of violence for purposes of § 924(c), and thus that the defendant's conviction under § 924(c) must be vacated. The government requests that the court grant the defendant's motion and exercise its authority to conduct a resentencing on the remaining count of conviction. In reply, the defendant agrees with the course of action requested by the government.

Upon review of the record and applicable caselaw, it is hereby

**ORDERED**

as follows:

1. The defendant's emergency motion to vacate (Dkt. No. 29) is **GRANTED**;

2. The defendant's conviction and sentence on Count Two is **VACATED**; and

3. The court will set the matter for resentencing on Count One.

The Clerk is directed to send copies of this order to the defendant and all counsel of record.

DATED: This 11th day of September, 2019.

                                     _/s/ John Conrad_
                                     Senior United States District Judge